CLAPP v. SAUNDERS *et al.*

Mortgage: FRAUDULENT TITLE OF MORTGAGOR: GOOD FAITH OF MORTGAGEE. Where a wife held the legal record title to land, but held it in fraud of her husband's creditors, a mortgage made by her and her husband to a person who had no knowledge of the fraud, and taken by him in good faith and for a valuable consideration, was properly decreed to be a lien superior to a judgment against the mortgagors, rendered after the mortgage was executed and recorded, and superior to a sheriff's deed made on the sale of the land to satisfy such judgment.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

FILED, MARCH 7, 1888.

ACTION in chancery to foreclose a mortgage. There was a decree granting the relief prayed for in plaintiff's petition. Certain persons, other than the mortgagors, claiming an interest in the property, appeal.

*John Hudspeth*, for appellants.

*R. G. Phelps*, for appellee.

BECK, J.—I. The mortgage in suit was executed by Catharine and Timothy Saunders, husband and wife, to Cephas Clapp, to secure certain promissory notes amounting to forty-five hundred dollars, executed by the mortgagors to the mortgagee, and afterwards transferred to plaintiff. Joseph and John Saunders claim the lands mortgaged upon a sheriff's sale and deed under a judgment against the mortgagors, rendered after the notes were made and the mortgage was executed and recorded. By the decree of the district court, the mortgage was held to be a lien paramount to this sheriff's deed. The sole question in the case involves the correctness of this ruling.

II. The defendants, Joseph and John Saunders, insist that their sheriff's deed is paramount to plaintiff's mortgage, for the reason that the title of the land was conveyed to the mortgagor, Catharine Saunders, to defraud the creditors of her husband, Timothy. The facts upon which this claim is based are briefly these : Timothy originally owned these lands. He was largely indebted, and insolvent, and, in order to defeat his creditors, caused the lands to be sold upon an execution issued upon a judgment for a small sum, and to be purchased by one Breen, to whom a sheriff's deed was executed. He afterwards, without consideration, conveyed the lands to the wife, Catharine. The money paid upon the purchase of the lands at sheriff's sale was furnished by the husband ; at least Breen furnished no part of it. It may be admitted that the transactions whereby the title of the lands was transferred from the husband to the wife were for the fraudulent purpose of defeating

his creditors. But the legal title, at the time the mortgage was executed, is shown to have been in the mortgagor, Catharine, by the duly recorded deed executed by the sheriff to Breen, and his deed to his wife, which was also recorded. The evidence shows that the mortgage was given to secure forty-five hundred dollars borrowed by the mortgagors of the mortgagee, Cephas Clapp, who transferred the notes to plaintiff. The mortgage was therefore given for a sufficient consideration. It is shown that the mortgagee, who is now dead, and the plaintiff were residents of Illinois, and that plaintiff never had been in Cass county, where the land is situated, and the mortgagors reside. The agents of the mortgagors, who negotiated the loan, testified to the effect that, so far as they know, the mortgagee had no knowledge or notice of the facts and transactions upon which the claim of fraud made by appellants is based. It is thus made to appear affirmatively that the plaintiff and the mortgagee acquired the notes and mortgage for a valuable consideration, and in good faith.

III. Counsel for appellants insist that the burden rests upon plaintiff to show that she or the mortgagee acquired the mortgage without notice of the fraud of the mortgagors. If, for the purposes of the case, this position be admitted, the facts we have just recited show, *prima facie*, at least, the good faith of plaintiff and the mortgagee, and that they had no knowledge or notice, actual or constructive, of the fraud. Appellants make no proof tending to show such notice, or the *mala fides* of these parties. Plaintiff, being regarded as a good-faith holder of the notes and mortgage for a valuable consideration without notice of the fraud, holds the notes and mortgage without any taint or infirmity arising therefrom. The mortgage must therefore be regarded and enforced as paramount to the appellants' title.

AFFIRMED.